# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **REZA BOKHARI,** | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **Case No. 2:21-cv-03136-JDW** |
| | : | |
| **FSD PHARMA** *et al.*, | : | |
| **Defendants.** | : | |

## **MEMORANDUM**

When parties use broad language in an arbitration provision, they indicate their intent to channel a broad range of disputes to an arbitral forum, not just disputes about the breach of the contract containing the arbitration provision. This case is an example of that principle. Dr. Reza Bokhari agreed to arbitrate any claim arising out of or relating to an employment agreement with FSD Pharma, Inc. and FSD Biosciences, Inc. But now, he seeks to exclude from the scope of that agreement claims he has asserted against FSD Pharma, FSD Biosciences, and two of their board members (Anthony Durkacz and Zeeshan Saeed). But federal and Pennsylvania law mandate that the Court give the arbitration agreement a broad sweep, and Dr. Bokhari has not shown a basis for the Court to depart from that mandate. The Court will therefore grant Defendants' motion and compel the parties to arbitrate this case.

## I.    FACTUAL ALLEGATIONS

### A.    The Employment Agreement

On July 29, 2020, Dr. Bokhari entered into an Employment Agreement with FSD Pharma and FSD BioSciences to serve as the Chief Executive Officer of FSD Pharma. In

the Employment Agreement, he agreed to receive non-cash compensation in the form of "stock grants and/or option grants of equity in the company, based on the prior and anticipated performance and accomplishments of the Executive." (ECF No. 25-1 at 3.) The Employment Agreement also provides that "[a]ny dispute, controversy or claim arising out of or relating to this Agreement ("Dispute") shall be exclusively and finally resolved in accordance with the dispute resolution procedure set forth in this [section]." (*Id*. At 10.) The referenced dispute resolution procedures include binding arbitration at the request of either party, to be conducted under the *Arbitration Act* (Ontario) in Toronto, Ontario. (*Id*. At 10-11.)

### B. February 2021 Stock Issuance

On February 10, 2021, the FSD Pharma Board of Directors awarded 1,173,709 Class B securities to Dr. Bokhari. Dr. Bokhari asserts these shares were awarded in recognition of his efforts as FSD Pharma's CEO, and that upon issuance he had a fully vested interest therein. That award, and related allegations of misconduct, led to litigation in the Superior Court of Justice – Ontario Divisional Court. On May 14, 2021, FSD Pharma's shareholders elected a new Board of Directors. On June 1, 2021, the new Board concluded that FSD Pharma awarded the shares as Dr. Bokhari's annual compensation for 2021 and that it awarded the majority of shares in violation of the Ontario Business Corporations Act. The Board issued a resolution cancelling those shares.

On June 7, 2021, FSD Pharma wrote to Dr. Bokhari's broker, Haywood Securities, Inc., informing Haywood of its belief that the majority of the securities it awarded Dr. Bokhari in 2021 were issued in violation of the OBCA. The letter stated that the new

Board had passed a resolution cancelling the shares, and it asked Haywood to return those shares to process the cancellation. Upon receipt of this letter, Haywood Securities froze Dr. Bokhari's entire brokerage account.

### C.     Procedural History

On July 2, 2021, Dr. Bokhari filed a complaint in the Montgomery County Court of Common Pleas, asserting claims for tortious interference with contractual relations and conversion. On July 14, 2021, FSD Pharma removed the action to this Court. (ECF No. 1.) At this Court's direction, Dr. Bokhari re-filed his Motion For A Temporary Restraining Order And Preliminary Injunction on July 20, 2021. (ECF No. 8.) The Court denied that motion on July 26, 2021. (ECF No. 16.) Dr. Bokhari then filed his Amended Complaint against all defendants on August 30, 2021. (ECF No. 21.) In response, the Defendants filed their Motion To Compel Arbitration And Motion To Dismiss Plaintiff's Amended Complaint, Or, In The Alternative, Motion To Stay Proceedings (ECF No. 25) on which the Court must now decide.

## II.     STANDARD OF REVIEW

The Federal Arbitration Act "'makes enforceable a written arbitration provision' in a contract evidencing a transaction involving commerce.'" *Allied-Bruce Terminix Companies, Inc. v. Dobson*, 513 U.S. 265, 268 (1995) (citing 9 U.S.C. § 2). The FAA "presumptively favors the enforcement of arbitration agreements." *Harris v. Green Tree Fin. Corp.*, 183 F.2d 173, 178 (3d Cir. 1999). The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 218 (1985). A motion

to compel arbitration calls for a two-step inquiry into whether (1) a valid agreement to arbitrate exits and (2) the particular dispute falls within the scope of that agreement. *See Trippe Mfg. Co. v. Niles Audio Corp.,* 401 F.3d 529, 532 (3d Cir.2005). The presumption in favor of arbitration means district courts should refrain from denying a motion to compel arbitration absent certainty that the claims do not fall within the scope of an arbitration clause. *See Medtronic Ave, Inc. v. Advanced Cardiovascular Sys., Inc.*, 247 F.3d 44, 55 (3d Cir. 2001).

The Court may grant a motion to compel arbitration at the pleadings stage if "it is apparent, based on 'the face of [the petition], and documents relied upon in the [petition],' that certain of a party's claims 'are subject to an enforceable arbitration clause' . . . "*Guidotti v. Legal Helpers Debt Resolution, L.L.C.,* 716 F.3d 764, 776 (3d Cir.2013) (citing *Somerset Consulting, LLC v. United Capital Lenders, LLC,* 832 F.Supp.2d 474, 482 (E.D.Pa.2011)). The Court must deny such a motion, however, when "the complaint and its supporting documents are unclear regarding the agreement to arbitrate." *Id*.

### III. DISCUSSION

The parties do not dispute the existence of the Employment Agreement or the existence or validity of the arbitration provision in that agreement, Instead, their dispute focuses only on whether this case falls within the scope of that provision. So that is where the Court focuses its analysis.

With certain exceptions that do not apply in this case, applicable state law governs the interpretation of an arbitration clause. *See In re Remicade (Direct Purchaser) Antitrust Litig.*, 938 F.3d 515, 522 (3d Cir. 2019). The Employment

Agreement adopts Ontario law to govern it. However, neither party has shown any conflict between Pennsylvania law and Ontario law on the interpretation of arbitration clauses. To the contrary, FSD has shown that there is no difference. (ECF No. 25 at 9 n.4.) And Dr. Bokhari bases his opposition on Pennsylvania law. (ECF No. 6 at 6.) So, the Court will apply Pennsylvania law to interpret the agreement.

Under Pennsylvania law, an arbitration agreement that applies to claims "arising out of or relating to" a contract encompasses all claims relating to or arising from the parties' contractual relationship, not just claims arising from an alleged breach of the agreement. *See Saltzman v. Thomas Jefferson Univ. Hospitals, Inc.*, 166 A.3d 465, 476-77 (Pa. Super. Ct. 2017); *see also Battaglia v. McKendry*, 233 F.3d 720, 727 (3d Cir. 2000). These interpretations comport with the idea that an arbitration clause applies unless it is certain that the claims do not fall within the scope of the clause.

Dr. Bokhari relies on the Pennsylvania Commonwealth Court's decision in *Hazleton Area Sch. Dist. v. Bosak*, 671 A.2d 277, 282-83 (Pa. Commw. Ct. 1996), and argues that his tort claims are not within the scope of the arbitration clause. The Superior Court has disapproved the Commonwealth Court's decision in *Bosak* on several occasions. *See, e.g., Saltzman*, 166 A.3d at 478; *Smay*, 864 A.2d 1266, 1275-76 (Pa. Super. Ct. 2004). The Pennsylvania Supreme Court has not resolved the split between the two intermediate appellate courts. This Court predicts that, if faced with the choice, the Supreme Court would adopt the Superior Court's broader reading of arbitration provisions, so that is the interpretation that the Court will apply.

There is little question that Dr. Bokhari's claims relate to the Employment Agreement, even if they are not for a breach of that agreement. The Employment Agreement provides for compensation in the form of "stock grants and/or option grants of equity in the company." (ECF No. 25-1 at 3.) Dr. Bokhari cites that provision in asserting that he is "entitled to the Shares issued to him …." (ECF No. 21 at ¶ 114.) And the Employment Agreement is at the center of his claim that the "award of Shares was not made subject to any clawback provision." (*Id.* at ¶ 115.) Ultimately, the validity of FSD Pharma's issuance of the stock shares to Dr. Bokhari pursuant to the Employment Agreement is a significant part of this dispute. The case therefore arises out of or relates to the Employment Agreement and falls within the scope of the Employment Agreement's arbitration provision.

## IV.  CONCLUSION

Dr. Bokhari agreed to arbitrate all disputes arising out of his Employment Agreement, and this is one such dispute. He must live by his bargain, so the Court will grant the Motion and compel arbitration. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

December 2, 2021